{¶ 99} I respectfully dissent.
 {¶ 100} I do not see a legitimate basis for finding that the death of Eric Ford was the proximate result of anything Lawrence A. Ford did. The death of Eric Ford was, instead, the proximate result of the independent act of Hussam Alaind. Lawrence Ford's presence when Eric Ford was shot does not make Lawrence Ford guilty of murder. I would therefore sustain the second, third and fourth assignments of error with respect to the *Page 36 
murder conviction and moot the remaining assignments of error regarding the conviction for the offense of murder.
 {¶ 101} The majority opinion, to me, skips right past the key issue of proximate result. The opinion, instead, pulls a quote from two earlier cases which asserts that "the death of an accomplice at the hands of the intended victim is a reasonably foreseeable consequence of a robbery or burglary." See State v. Sowell (Feb. 18, 1992), Franklin App. No. 91AP-773, citing State v. Chambers (1977), 53 Ohio App.2d 266, 270-271. I do not agree with the content of the quotation. Further, I note that Ohio has substantially modified the statutory definition of aggravated burglary and burglary since 1977. Finally, in Lawrence Ford's case, the underlying crime was really a breaking and entering in a situation where the Fords had no reason to expect that anyone would be present. Had they expected a person to be inside the business, they would not have noisily crashed their way into the business through a window.
 {¶ 102} I also see a significant difference between stating that something is a reasonably foreseeable consequence of an action versus stating that something is the proximate result of an action. I can foresee a wide variety of things without causing the things to occur.
 {¶ 103} Again, I do not believe that Lawrence Ford, in any way, caused the death of his nephew. Since Lawrence Ford did not, in any way, cause the death of his nephew, he is not guilty of murder. Since the majority holds otherwise, I respectfully dissent. *Page 1